**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Ogden F. Bullard, #312409, ) | |
| ) | CIVIL ACTION NO. 9:08-2128-HFF-BD |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Warden of Tyger River ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

      Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The pro se petition was filed on May 23, 2008.[1]

      The Respondent filed a return and motion for summary judgment on September 3, 2008, asserting that Petitioner had failed to exhaust his State Court remedies prior to filing this petition. As the Petitioner is proceeding pro se, a Roseboro order was filed on September 4, 2008, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Despite this warning, however, Petitioner failed to file any response to the motion.

      In consideration of Petitioner's pro se status, the undersigned entered another Order on October 17, 2008, granting Petitioner an additional ten (10) days to file a response and notify the Court that he wished to continue to pursue his case or risk having his case dismissed, with prejudice, for failure to prosecute. On November 3, 2008, the Petitioner wrote the Court advising that he did

---

[1] Filing date under Houston v. Lack, 487 U.S. 266 (1988).



not realize that his appointed counsel had filed an appeal in State Court from the denial of his APCR, and that he would understand if his case was dismissed, without prejudice, until his state court remedies had been exhausted.

This matter is now before the Court for disposition.[2]

### **Discussion**

Respondent has moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the Petitioner failed to exhaust his state remedies before filing this federal petition. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

A review of the materials and filings submitted to the Court shows that Respondent is correct in asserting that Petitioner has not exhausted his state court remedies. On May 23, 2008,

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motions, this Report and Recommendation is entered for review by the Court.



the PCR judge filed an order of dismissal in Petitioner's PCR case; See Respondent's Exhibit Four (2006-CP-42-3168); and on May 29, 2008, Petitioner's counsel filed a notice of appeal. See Respondent's Exhibit Five. Respondent represents to the Court that there has been no ruling on this appeal, which Petitioner does not dispute. Further, in his response, Petitioner concedes that his case may be dismissed so he can finish exhausting his state court remedies.

Title 28 U.S.C. § 2254(b) states, "[a]n application for writ of habeas corpus...shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." No evidence has been presented to show an absence of available state process, or that such process is ineffective in protecting Petitioner's rights. Therefore, Petitioner's federal remedy of a writ of habeas corpus under 28 U.S.C. § 2241 or § 2254 can only be sought after all of his remedies in the courts of the State of South Carolina have been exhausted. Picard v. Connor, 404 U.S. 270 (1971); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973); Moore v. DeYoung, 515 F.2d 437, 442-443 (3d Cir. 1975). Petitioner has failed to exhaust those remedies, as it is clear that Petitioner's state law claim is still actively being pursued. Furthermore, by maintaining this Petition, Petitioner would risk forfeiting consideration of any additional federal habeas claims arising out of his current state proceedings that he may want to bring in the future, because a subsequent federal habeas petition would be successive and could constitute an abuse of the writ. 28 U.S.C. § 2254(b); see also, Pub.L. No. 104-132, 110 Stat. 1214, § 104 (amending 28 U.S.C. § 2254), Rule 9(b); Rose v. Lundy, 455 U.S. 519, 520-521 (1982).

Therefore, this Petition should be dismissed, without prejudice.

3



**Conclusion**

Based on the foregoing, it is recommended that this Petition be **dismissed**, without prejudice, for failure to exhaust state court remedies. Braden, 410 U.S. at 490-491; Moore, 515 F.2d at 441-442; Schnepp v. Oregon, 333 F.2d 288 (9th Cir. 1964) [Exhaustion not satisfied if post-conviction petition is pending in state court]; 28 U.S.C. § 2254(b) and (c).

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Charleston, South Carolina

November 5, 2008



4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

